```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GEETA JOSHI-TOPE,
                            Plaintiff(s),          ORDER
                                                   CV 07-3346 (ERK)(WDW)
        -against-

COLD SPRING HARBOR LABORATORY,
et al.,
                            Defendant(s).
-------------------------------------------------------------------X
```

**WALL, Magistrate Judge:**

On referral from District Judge Korman for decision, not for a Report and Recommendation, are the pro se plaintiff's motions for entry of a default judgment (DE[37]) and her motion to strike the opposition of defendants Vastrik and Birney to the motion for default judgment (DE[39]). Both motions are denied.

The plaintiff states that the summons and complaint were served on Vastrik and Birney on August 16, 2007 and that they have failed to timely respond. That is not the case. On or about September 3, 2007, a letter was filed on behalf of the two defendants by non-party, non-lawyer Bernd-Uwe Jahn, stating that Vastrik and Birney enjoyed immunity from suit. DE[13]. On September 5, 2007, the letter was deemed by Judge Korman to be a motion to dismiss; the plaintiff was given 30 days to oppose the motion; and the motion was referred to the undersigned. DE[14] & [15]. On October 3, 2007, counsel for Vastrik and Birney appeared and requested an extension of time to answer or otherwise respond to the Complaint and that request was granted, giving them until October 26, 2007. On October 26, 2007, a second motion to dismiss was filed on their behalf, this time by their counsel. DE[24] & [25]. That motion and a motion to dismiss by the other defendants were also referred to the undersigned, and are not yet ripe as of the date of this Order.

In a Report and Recommendation dated November 8, 2007, the undersigned found that the

first motion to dismiss on behalf of Vastrik and Birney should be deemed withdrawn, inasmuch as Mr. Jahn was neither a lawyer nor a party. See DE[28]. The recommendation of withdrawal was made on the finding that the second motion to dismiss had already been made and, had that not been the case, the relief sought in the Jahn letter "would have been denied without prejudice to renewal based, *inter alia*, on lack of standing of Mr. Uwe-Jahn." Id. That Recommendation was adopted on January 8, 2008, over the objections of the plaintiff.

The pro se plaintiff now argues that because the Jahn letter was deemed withdrawn, and the second motion to dismiss was not filed until October 26, past the defendants' original time to answer, they are in default. They are not. When Judge Korman deemed the Jahn letter a motion to dismiss, it satisfied the defendants' obligation to timely respond to the Complaint. The fact that it was later withdrawn does not change that fact or render the letter non-existent. Moreover, by the time it was deemed withdrawn, Vastrik and Birney had also sought an extension of time and had filed another motion to dismiss. Under no construction of the facts could they possibly be found in default and the plaintiff's motion is denied.

The plaintiff's motion to strike the defendants' opposition to her motion for default from the record because it was electronically filed prior to the docketing of the motion itself is also denied. When the defendants docketed their opposition, they had already received a copy of the motion from the plaintiff and thought that the Clerk of the Court might enter a notation of default on the pro se plaintiff's delivery of her motion to the Clerk's Office. The plaintiff's apparent concern that this denied her an opportunity to be heard by court officials is misplaced, and is no doubt based in part on the earlier granting of a request for an extension of time to answer before Ms. Joshi-Tope's objection to that request had been entered. The court assures the plaintiff that her position will be considered in all substantive issues prior to the rendering of a decision. As to

2

the plaintiff's repeated requests that she be allowed to e-file, the court suggests that she speak with the Clerk's Office about the appropriate avenue for pursuing that request.

Defendants Vastrik and Birney are directed to serve a copy of this order on the pro se plaintiff upon receipt.

Dated: Central Islip, New York  **SO ORDERED:**
January 17, 2008

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge